

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00237-CR

———————————————————

ALBERT L. FLORES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1801153

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Albert L. Flores appeals his conviction for aggravated sexual assault of a child, a first-degree felony. *See* Tex. Penal Code § 22.021(a)(2)(B), (e). After the jury found Flores guilty, he pled true to the enhancement paragraph in the indictment, and the trial court assessed his punishment at confinement for life. In a single issue, Flores argues that the trial court abused its discretion by designating an improper outcry witness under Article 38.072 of the Texas Code of Criminal Procedure. Assuming, without deciding, that the trial court abused its discretion by designating the wrong person as the outcry witness and thereby improperly admitting hearsay, we nevertheless hold that the error was harmless. Accordingly, we overrule Flores's issue and affirm the trial court's judgment.

## I. Background

The complainant, who was twelve years old at the time of trial, testified that when he was eight years old, Flores sexually assaulted him multiple times.[1]

Flores does not challenge the evidentiary sufficiency of his conviction; rather, he argues that the trial court improperly designated Ceciley Koncaba, the forensic interviewer, as the outcry witness and claims that her testimony was harmful.

---

[1]A complete recitation of the sexual abuse is not necessary for the disposition of this appeal; we discuss details pertinent to the disposition in the body of the opinion. *See* Tex. R. App. P. 47.1.

The trial court determined Koncaba's status as the outcry witness at a preliminary hearing. During the preliminary hearing, Koncaba testified that she had been employed with the Children's Alliance of South Texas (CAST) and had conducted a forensic interview with the complainant on July 19, 2023. Koncaba testified that she believed she was the first person over eighteen to whom the complainant had shared details about the offense. In the same hearing, Flores introduced a police report with conflicting information. According to the police report, the complainant's mother had called the Fort Worth Police Department in June 2023 to report that her son had been sexually assaulted by Flores. Both Koncaba's testimony and the police report included similar details about the nature of the sexual assault against the complainant.

After the hearing concluded, the trial court—without any explanation of its reasoning—designated Koncaba as the outcry witness.

During trial, Flores renewed his objection to Koncaba's testimony, arguing that she was not the proper outcry witness. The trial court overruled the objection, permitting Koncaba to testify and granting Flores a running objection. Koncaba testified about the nature of the sexual assault against the complainant—as she did during the preliminary hearing—and she also testified that the complainant had told her that Flores had put something on his penis during the abuse. Based on her interview with the complainant and a drawing he made of the item, Koncaba believed that Flores had used a condom.

On appeal, Flores alleges that the trial court abused its discretion by naming Koncaba the outcry witness. He claims that this testimony harmed him because the State emphasized Koncaba's testimony and because Koncaba's testimony about condom use bolstered the complainant's otherwise questionable testimony.

## II. Standard of Review and Applicable Law

"Hearsay statements, while generally inadmissible, may be admitted under specific conditions when public policy supports their use, and the circumstances surrounding the making of those statements [guarantee] their reliability." *Martinez v. State*, 178 S.W.3d 806, 810 (Tex. Crim. App. 2005). Article 38.072, also known as the outcry statute, creates a hearsay exception in certain child-sexual-offense prosecutions. Tex. Code Crim. Proc. art. 38.072; *Crump v. State*, No. 02-24-00063-CR, 2025 WL 18288, at *2 (Tex. App.—Fort Worth Jan. 2, 2025, pet. ref'd) (mem. op., not designated for publication).

Article 38.072 permits testimony from one outcry witness per event—that is, "the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense." Tex. Code Crim. Proc. art. 38.072, § 2(a)(3); *see Crump*, 2025 WL 18288, at *2; *Gibson v. State*, 595 S.W.3d 321, 326 (Tex. App.—Austin 2020, no pet.). Courts construe "about the offense" to mean a statement that "in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). "[T]he statement must be more than . . . a general allusion" of sexual abuse. *Id.* Thus, the proper outcry witness is not necessarily

4

the first adult to whom the child revealed the abuse but, rather, the first adult to whom the child revealed specific details concerning the offense. *Id.*; *see, e.g.*, *Moore v. State*, No. 02-23-00152-CR, 2025 WL 353068, at *6–7 (Tex. App.—Fort Worth Jan. 30, 2025, no pet.) (mem. op., not designated for publication) (affirming trial court's determination that because a child's prior statements to her mother lacked sufficient detail, the proper outcry witness was an adult who later interviewed the child).

In addition, an adult who does not remember the outcry cannot be the outcry witness. *Petty v. State*, No. 02-21-00130-CR, 2022 WL 4545532, at *5 (Tex. App.—Fort Worth Sept. 29, 2022, pet. ref'd) (mem. op., not designated for publication); *see, e.g.*, *Foreman v. State*, 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd) (holding that victim's mother and stepfather were not proper outcry witnesses when they both testified that they had no memory of the outcry). A trial court may allow hearsay testimony from more than one outcry witness if each witness testifies about different offenses. *See Crump*, 2025 WL 18288, at *2; *Gibson*, 595 S.W.3d at 326.

Because of the difficulty that often arises in deciding who is a proper outcry witness, trial courts maintain "broad discretion" over such decisions, which appellate courts review under an abuse-of-discretion standard. *Garcia*, 792 S.W.2d at 92; *see, e.g.*, *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). Under this standard, "a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside 'the zone of reasonable disagreement' or is 'arbitrary or unreasonable.'" *Mendez v. State*, No. 03-19-00546-CR, 2021 WL 1148960, at *5 (Tex.

5

App.—Austin Mar. 26, 2021, no pet.) (mem. op., not designated for publication) (first quoting *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002); and then quoting *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005)).

The admission of erroneous outcry testimony is evaluated under Texas Rule of Appellate Procedure 44.2(b). *State v. Sanchez*, 722 S.W.3d 58, 74 (Tex. App.—Fort Worth 2025, pet ref'd). Rule 44.2(b) governs the review of nonconstitutional error. *See* Tex. R. App. P. 44.2(b). Nonconstitutional error is disregarded unless it affects a defendant's substantial rights. *Nguyen v. State*, 693 S.W.3d 732, 740 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (citing Tex. R. App. P. 44.2(b)). An error affects a defendant's substantial rights when it has a substantial and an injurious effect or influence on the jury's verdict. *Id.* (citing *King v. State*, 953 S.W.3d 266, 271 (Tex. Crim. App. 1997)). An error does not affect a substantial right if that error did not influence the jury or had but a slight effect on the verdict. *Macedo v. State*, 629 S.W.3d 237, 240 (Tex. Crim. App. 2021).

When determining harm, we consider the entire record, including (1) the character of the alleged error and how it might be considered in connection with other evidence, (2) the nature of the evidence supporting the verdict, (3) the existence and degree of additional evidence indicating guilt, and (4) whether the State emphasized the complained-of error. *Id.* We also consider the jury instructions, the theories from the prosecution and the defense, closing arguments, and even voir dire, if it is material to the defendant's claim. *Nguyen*, 693 S.W.3d at 740–41.

"In cases involving the improper admission of outcry testimony, the error is harmless when the victim testifies in court to the same or similar statements that were improperly admitted or other evidence setting forth the same facts is admitted without objection." *Sanchez*, 722 S.W.3d at 75 (quoting *Galvan v. State*, No. 08-23-00162-CR, 2024 WL 1599208, at *6 (Tex. App.—El Paso Apr. 12, 2024, no pet.) (mem. op., not designated for publication)); *see also Gibson*, 595 S.W.3d at 327 (collecting cases holding the same).

### III. Analysis

Assuming without deciding that the trial court improperly designated Koncaba as an outcry witness, such error did not harm Flores.

We first note that there was unobjected to testimony from other witnesses in support of the verdict. Both the complainant's and the sexual assault nurse examiner's (SANE nurse) testimony set forth details of the sexual abuse that were very similar to those described in Koncaba's testimony, making any error in admitting Koncaba's testimony harmless. *See Sanchez*, 722 S.W.3d at 75; *Gibson*, 595 S.W.3d at 327; *Lamerand v. State*, 540 S.W.3d 252, 259 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

Flores complains that one aspect of Koncaba's testimony was not the same or similar to the complainant's testimony elicited during trial: Flores's use of a condom during the offense. The complainant testified that he did not recall Flores using a

condom;[2] however, both Koncaba and the SANE nurse testified that, in their separate conversations with the complainant about the abuse, he had described what each of them suspected was a condom.[3] Thus, because the SANE nurse's testimony did not necessarily contradict Koncaba's testimony—and both witnesses testified that they *believed* that the complainant could have been describing a condom—the admission of Koncaba's testimony about the condom did not affect Flores's substantial rights. Comparable to this court's holding in *Sanchez* related to the admission of same or similar testimony from a complainant, when evidence is admitted elsewhere without objection, the erroneous admission of such evidence is harmless. *See Patterson v. State*, 508 S.W.3d 432, 448 (Tex. App.—Fort Worth 2015, no pet.) (citing *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if

---

[2]The complainant did not actually state that there was or was not a condom. Rather, during direct examination, he merely said, "No" when he was asked if he *remembered* whether Flores would ever "put" anything on his penis, "take anything out," or "use" anything.

[3]According to the testimony, Koncaba asked the complainant if Flores "put anything on his penis, or used anything during the abuse," and the complainant drew a picture of a square with a circle inside. The complainant described the square as a black package that, when opened, had a "whiteish green" circle inside that Flores put around his penis. Koncaba testified that she thought this was a condom. The SANE nurse's testimony included reading portions of her medical evaluation. For "condom," the answer in the SANE nurse's report was: "yes. Question mark." The SANE nurse testified that she had included the question mark because when she had asked the complainant if a condom was used, he had described a "box in a package," and she was unsure if it was a condom or something else. Despite Flores's emphasis about this testimony on appeal, the use or absence of a condom during the sexual assault is not likely to have had a substantial impact on the jury's evaluation of the evidence. *See Nguyen*, 693 S.W.3d at 740.

8

other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.")); *see also Britt v. State*, No. 02-17-00168-CR, 2018 WL 2346795, at *2 (Tex. App.—Fort Worth May 24, 2018, pet. ref'd) (mem. op., not designated for publication) ("Because similar evidence to the forensic examiner's testimony either was not objected to or was not erroneously admitted, we would be compelled to conclude that any error in the admission of the forensic interviewer's cumulative testimony was harmless.").

Flores argues that the State emphasized the outcry during voir dire and during closing argument. However, the part of the State's closing argument that Flores points to only mentions that Koncaba "had no concerns with [the complainant's] outcry," because the complainant had "sensory and peripheral details" about the abuse. Considering that this reference amounts to a couple of sentences in more than fifteen pages of the State's closing arguments, we disagree that the outcry was emphasized at all, much less to the extent necessary to cause harm.

Further, what Flores points to as "emphasis" during voir dire constitutes the State's discussion of who in the panel had been "personally [a]ffected by child sexual abuse." Some of that conversation discussed past experiences with sexual abuse and whether that abuse had been reported. None of that was related specifically to the reliability of those who might have been confided in about another's sexual abuse. We likewise find that this argument is unsupported and unpersuasive, and we cannot

9

conclude that the discussion during voir dire had any substantial and injurious effect or influence on the jury's verdict. *See Macedo*, 629 S.W.3d at 240.

In sum, because the same or similar evidence about the sexual abuse that the complainant suffered was admitted without objection, we cannot conclude that Koncaba's outcry-witness testimony had a substantial and injurious effect or influence on the jury's verdict. Accordingly, any error in designating Koncaba the outcry witness was harmless. *See Gibson*, 595 S.W.3d at 327; *Lamerand*, 540 S.W.3d at 259. We overrule Flores's sole issue on appeal.

## IV. Conclusion

Having overruled Flores's sole issue, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 2, 2026